UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| 1. MICHAEL AKER | ) |
| 2. ANTHONY ALAIMO | ) CIVIL ACTION COMPLAINT |
| 3. SCOTT ALDAY | ) |
| 4. BRANDTT ALLEN | ) |
| 5. ROBERT AMBER | ) Case No. |
| 6. MICHAEL ANDERSON | ) |
| 7. MERRELL ARRINGTON | ) |
| 8. JOSHUA ARRIVILLAGA | ) JURY TRIAL DEMANDED |
| 9. BRANDON BAINTER | ) |
| 10. AARON BAKER | ) |
| 11. JASON BALES | ) |
| 12. BRYAN BARHYDT | ) |
| 13. HEATH BEARMAN | ) |
| 14. KAMRON BELL | ) |
| 15. JEFFRY BERNING | ) |
| 16. KEVIN BERTRAM | ) |
| 17. AMY BIGGS | ) |
| 18. JEREMY BIGGS | ) |
| 19. DAVID BOTAS | ) |
| 20. MARAH BRADBURY | ) |
| 21. JESSE BRANDENBERGER | ) |
| 22. TODD BRINKER | ) |
| 23. BRETT BROWN | ) |
| 24. MICHAEL BROWN | ) |
| 25. TYLER BRUCE | ) |
| 26. LEITH CAMPBELL | ) |
| 27. MICHAEL CARCIONE | ) |
| 28. CASEY CASSIDY | ) |
| 29. DOUG CASTATOR | ) |
| 30. FLOYD CAUSEY | ) |
| 31. PAUL CAYWOOD | ) |
| 32. KELLY CHRISTEN | ) |
| 33. TIMOTHY CLAY | ) |
| 34. EDWARD CONNETT | ) |
| 35. PATRICK CORNETT | ) |
| 36. RICHARD CROWDER | ) |
| 37. DAVID CUMMINGS | ) |
| 38. WILLIAM D'ALESSANDRO | ) |

39. MATTHEW DAILY )
40. BRIAN DEY )
41. CHRISTOPHER DOMINGOS )
42. AMANDA DREHER )
43. CHRISTOPHER DUBA )
44. IAN DUTKIEWICZ )
45. JOSEPH EAGER )
46. JASON EBERT )
47. TROY EGTS )
48. SEAN ELSTEN )
49. CRAIG EMENHISER )
50. RICHARD ESSEGIAN )
51. SCOTT ESTRIAGE )
52. DANIEL ETZCORN )
53. BRYAN FAIRCHILD )
54. BARNEY FARRIS, III )
55. TIMOTHY FEHRER )
56. DEREK FILLERS )
57. ZACHARY FISHER )
58. ALLEN FITCH )
59. JASON FLEMING )
60. ASHTON FORD )
61. JOSHUA FOUTZ )
62. JOEL FRAVEL )
63. MATT FREYGANG )
64. DOMINIC GARRETT )
65. BRANDON GARTON )
66. TIMOTHY GEORGE )
67. CHAD GERARDOT )
68. BRIAN GIERE )
69. JOHN GILBERT )
70. MICHAEL GIRARDOT )
71. ANDREAS GOMEZ-ESPINO )
72. ANDREW GOODWIN )
73. G. GREGORY GOODWIN )
74. RYAN HACK )
75. JASON GREEN )
76. MICHAEL GROVE )
77. KYLE GROVES )
78. ALEXANDER GULDBECK )

| | |
|---|---|
| 79. JOSHUA HAMMER | ) |
| 80. THOMAS HARE, III | ) |
| 81. MICHAEL HARLEY | ) |
| 82. ANANSA HARRIS | ) |
| 83. CAMERON HARRIS | ) |
| 84. CODY HARTING | ) |
| 85. TODD HATTERY | ) |
| 86. BRYAN HECKMAN | ) |
| 87. THOMAS HELMKAMP | ) |
| 88. KEN HENDRICKS | ) |
| 89. ROBERT HINSENKAMP | ) |
| 90. TODD HOCKEMEYER | ) |
| 91. JOSEPH HOLLINESS | ) |
| 92. STEVEN HORN | ) |
| 93. TRAVIS HOSTLER | ) |
| 94. JAMES HOUSE | ) |
| 95. JOSHUA HOWE | ) |
| 96. MATTHEW HUGHES | ) |
| 97. ROBERT HUMPHREY | ) |
| 98. KELLY HURD | ) |
| 99. EDWARD HVIEDOS, II | ) |
| 100. AUSTIN JETT | ) |
| 101. TODD KABISCH | ) |
| 102. LAWRENCE KAISER | ) |
| 103. ROBERT KAISER, II | ) |
| 104. JOSHUA KECK | ) |
| 105. BEN KELLER | ) |
| 106. ISAAC KELLER | ) |
| 107. BRIAN KIDD | ) |
| 108. MATTHEW KLOPSCH | ) |
| 109. ANDREW KNOX | ) |
| 110. MATTHEW KOCKS | ) |
| 111. THOMAS KOCKS | ) |
| 112. JAMES KOHRMAN | ) |
| 113. CHARLES KOMARCK | ) |
| 114. TODD KORN | ) |
| 115. DOUGLAS KRAWCZYK | ) |
| 116. MICHAEL KRUCINA | ) |
| 117. QUENTIN KRUSE | ) |
| 118. NATHAN LANDIS | ) |

| | |
|---|---|
| 119. REBEKAH LASH | ) |
| 120. BRIAN LAWSON | ) |
| 121. CRAIG LENWELL | ) |
| 122. ADAM LEON | ) |
| 123. JASON LINN | ) |
| 124. JAMES LOGAN | ) |
| 125. TRAYSON LUNA | ) |
| 126. WILLIAM LYNCH, JR. | ) |
| 127. SAMUEL LYON | ) |
| 128. RICHARD MACHCINSKI | ) |
| 129. JACK MARQUARDT | ) |
| 130. REBECCA MARSHALL | ) |
| 131. TODD MARTINEZ | ) |
| 132. BRADLEY MASTERS | ) |
| 133. JARED MAXWELL | ) |
| 134. MATTHEW MCCLURE | ) |
| 135. KYLE MCCONIGA | ) |
| 136. RYAN MCCURDY | ) |
| 137. JOHN MCMAHON | ) |
| 138. TYLER MEEHAN | ) |
| 139. SCOTT MERLLE | ) |
| 140. DONALD MICHELL, JR. | ) |
| 141. MICHAEL MILLER | ) |
| 142. GAGE MINNIEAR | ) |
| 143. TRAPPER MIZE | ) |
| 144. CRAIG MUELLER | ) |
| 145. GARY MUNRO | ) |
| 146. ROBERT MURPHY, JR. | ) |
| 147. SCOTT MYERS | ) |
| 148. STEVEN NEAL | ) |
| 149. JOSEPH NEWVILLE | ) |
| 150. ANDREW NOLL | ) |
| 151. JAMES NOLL | ) |
| 152. JOHN O'CONNOR, III | ) |
| 153. DUSTIN O'HARA | ) |
| 154. RYAN O'SHAUGHNESSEY | ) |
| 155. JOHN OTTO, III | ) |
| 156. AMBER PASSAGUA | ) |
| 157. CHAD PATTEE | ) |
| 158. BRYAN PETERSON | ) |

| | |
|---|---|
| 159. CHARLIE PHAN | ) |
| 160. KASIE PLATT | ) |
| 161. CHAD POLING | ) |
| 162. JACOB POSTEL | ) |
| 163. RYAN PRESTON | ) |
| 164. CALEB RAAP | ) |
| 165. NICHOLAS RACIOPPI | ) |
| 166. ANDREW RAMSEY | ) |
| 167. MARCUS REEDER | ) |
| 168. JACOB REHM | ) |
| 169. CHARLES REID | ) |
| 170. SCOTT RENNINGER | ) |
| 171. EMMANUEL RODRIGUEZ | ) |
| 172. MIGUEL ROSALES | ) |
| 173. RODNEY SALWAY | ) |
| 174. SHAWN SARRAZIN | ) |
| 175. DANIEL SCHMITT | ) |
| 176. KENT SHAW | ) |
| 177. BENJAMIN SINGLETON | ) |
| 178. CRAIG SMITH | ) |
| 179. JEREMY SMITH | ) |
| 180. ROBERT SNIDER | ) |
| 181. ADAM SNYDER | ) |
| 182. BENJAMIN SOBCZAH | ) |
| 183. RICHARD SORG | ) |
| 184. BRYAN SORGEN | ) |
| 185. CALEB SPYKER | ) |
| 186. DANIEL STAHL | ) |
| 187. TAYLOR STEVENS | ) |
| 188. BRYAN STEWARD | ) |
| 189. AMBER STINE | ) |
| 190. JACOB STOPPENHAGEN | ) |
| 191. KEITH SUTTLE | ) |
| 192. NATHAN SWAIDNER | ) |
| 193. JOSEPH TARNEY | ) |
| 194. CHARLES TAYLOR | ) |
| 195. JOSHUA TAYLOR | ) |
| 196. ROBERT TAYLOR | ) |
| 197. JASON THOMPSON | ) |
| 198. BRIAN VANDERBOSCH | ) |

| | |
|---|---|
| 199. JEFFREY VANDERWEELE | ) |
| 200. PETER VANDERWEELE | ) |
| 201. PAUL VELDMAN | ) |
| 202. MICHAEL VENABLE | ) |
| 203. JOHN VICKREY | ) |
| 204. DONALD VOLIVA | ) |
| 205. LUCAS VORNDRAN | ) |
| 206. SEAN VOSMEIER | ) |
| 207. LANCE WAGNER | ) |
| 208. CHRISTOPHER WALKER | ) |
| 209. COLISS WALLACE | ) |
| 210. BRIAN WATSON | ) |
| 211. AMANDA WEIMER | ) |
| 212. BRYCE WESTERN | ) |
| 213. BENJAMIN WILLIAMS | ) |
| 214. KELLY WILLIAMS-SCHENKEL | ) |
| 215. DARRIN WILSON | ) |
| 216. IAN WILSON | ) |
| 217. TYLER WILSON | ) |
| 218. KEVIN WITZIGREUTER | ) |
| 219. PHILIP WYSS | ) |
| 220. KAYLA YATES | ) |
| 221. MARK YOUNG | ) |
| 222. ERIC ZEIGER | ) |
| 223. MATTHEW ZION | ) |
| 224. individually and | ) |
| on behalf of themselves and all others | ) |
| similarly situated | ) |
| | ) |
|     Plaintiffs, | ) |
| v. | ) |
| | ) |
| CITY OF FORT WAYNE, INDIANA | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## PRELIMINARY STATEMENT

1.    The plaintiffs are current and former employees of the defendant City of Fort Wayne, Indiana ("City"), and they bring an action on behalf of themselves and other employees

similarly situated. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

## **JURISDICTION AND VENUE**

2. Jurisdiction of this action is conferred upon this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue of this action is established in this Court pursuant to 28 U.S.C. § 1391(b).

## **PARTIES**

4. Plaintiffs are each employees, or former employees, of the Defendant City at the Fort Wayne Fire Department ("Department").

5. Pursuant to 29 U.S.C. §§ 216(b) and 256, the named Plaintiffs herein have each executed and hereby filed with the Court their respective consents in writing to become a party plaintiff in this action, which are appended hereto as Exhibits A, B and C. Should other individuals similarly situated seek to join this action, their consents will be filed with the Court. These written consent forms set forth each Plaintiff's name and intent to be party to this suit.

6. The Defendant in this action is the City of Fort Wayne, which has a principal place of business within the City of Fort Wayne in Allen County, Indiana.

## **FACTS**

7. The Plaintiffs are each employees, or former employees, who were at all times material herein employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s). More specifically, each Plaintiff is, or was, employed by the City at the Department as a fire fighter covered by the Indiana Burns Statute Pension Acts

of 1937 and 1977 and who is, or was, a permanent and paid employee of the City wherever assigned to duty, not including the position of Fire Chief, Deputy Chief, and Assistant Chief.

8. Each of the Plaintiffs in this action, while employed by Defendant, has been an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e)(1).

9. The Defendant City is an "employer" as defined by 29 U.S.C. § 203(d) and a "public agency" within 29 U.S.C. § 203(x). Upon information and belief, the Defendant at all relevant times has been aware of the provisions of the FLSA.

10. The Defendant is an enterprise, as defined by 29 U.S.C. § 203(r).

11. The City has adopted an alternative 27-day work period under Section 7(k) of the FLSA. Accordingly, Plaintiffs must work 204 hours in a 27-day work period before the City is required to pay overtime under the FLSA. *See* 29 U.S.C. § 207(k); 29 C.F.R. § 553.230(c). Pursuant to the collective bargaining agreement (CBA) between Local 124 and the City, while working as members of the Department, plaintiffs are assigned to work one (1) twenty-four (24) hour shift, followed by forty-eight (48) hours off. This schedule is then repeated. This results in Plaintiffs being regularly scheduled to work 216 hours per 27-day FLSA work period. As such, Plaintiffs are regularly scheduled to work 12 hours of overtime. In addition to regularly scheduled overtime, Plaintiffs routinely work additional shifts, which causes them to work in excess of 204 hours in a work period.

12. Pursuant to the CBA, the hourly rate used by the City for overtime calculations for Plaintiffs is calculated by dividing their designated annual salary set by position plus an annual lump sum longevity bonus by 2912 hours.

13. In addition to Plaintiffs' compensation for both regularly scheduled and additional hours of work, the City provides Department employees with additional compensation including,

but not limited to, longevity pay, specialty team pay, technical pay, ancillary pay, education bonus, holiday pay, paramedic pay, SORT (Special Operations Team) pay and advanced EMT (Emergency Medical Technician) pay.

14.     At all times material herein, the City has failed on numerous occasions to incorporate these additional payments when calculating Plaintiffs' regular rate for purposes of FLSA overtime compensation.

15.     By way of example only, from June 6, 2022, to July 2, 2022, Plaintiff Western worked a total of 240 hours. Thus, he was entitled to time and one half his regular rate of pay for each of the 36 hours he worked in excess of the 204-hour overtime threshold. Twelve of these hours were scheduled overtime hours and 24 were unscheduled overtime hours.  In his paycheck dated July 8, 2022, Plaintiff Western received an overtime payment of $849.74, representing compensation for 24 hours of unscheduled overtime at $35.41 (one and one-half times his contractual rate of $23.60). However, the contractual rate fails to take into consideration all types of remuneration he receives for employment, including paramedic pay, education stipend, and Special Operations Team (SORT) pay. Rather, it is simply Western's contractual rate (hourly rate plus the longevity payment divided by 2912). If all types of remuneration for employment Western is contractually required to receive are properly included in the regular rate used to calculate his overtime, his regular rate would be $26.26, and time and one-half of Plaintiff Western's regular rate would be $39.38. Using this correct rate, Plaintiff Western's overtime compensation for these 24 unscheduled overtime hours should have been $945.12. Thus, Plaintiff Western was underpaid $95.38 for the 24 hours of unscheduled overtime he worked during this pay cycle. In addition, Plaintiff Western received an overtime payment of $139.36 in a paycheck dated July 22, 2022, representing 12 hours of scheduled overtime in this same pay cycle from June 6, 2022 to July 2,

2022. Since he was already paid the straight time portion of this hourly wage for these scheduled hours, he was owed one half his regular rate for each of these twelve hours. However, instead of paying him at a half time rate of $13.13, which is half of his *correct* regular rate (26.26/2) that includes all types of renumeration paid for his employment, the City paid him a rate of $11.61 (which appears to be 139.36/12). Thus, Western was underpaid at least $18.18 for the 12 hours of scheduled overtime he worked during this pay cycle.

16. The City has admitted to not calculating Plaintiffs' regular rates correctly for purposes of overtime, and despite this admission, the City continues to incorrectly calculate Plaintiffs' unscheduled overtime. By way of example only, more recently, from June 4, 2024, to July 1, 2024, Plaintiff Western worked a total of 240 hours. Thus, he was entitled to time and one half his regular rate of pay for each of the 36 hours he worked in excess of the 204-hour overtime threshold. Twelve of these hours were scheduled overtime hours and 24 were unscheduled overtime hours. In his paycheck dated July 19, 2024, Plaintiff Western received an overtime payment of $197.07, representing compensation for 12 hours of scheduled overtime at $16.42 per hour, which is one half of his contractual hourly rate of $32.85. This is a correct overtime payment for regularly scheduled overtime hours. However, Plaintiff Western was paid at an unlawfully reduced rate for his unscheduled overtime. He received only $1,100.81 for the 24 hours of unscheduled overtime he worked in this pay period, which is a regular rate of $30.57 (indeed, $2.28 less than the correct regular rate used to pay Western his scheduled overtime) and an underpayment of $81.79. Instead, Plaintiff Western's unscheduled overtime should have been calculated at a rate of 1.5 times his correctly calculated regular rate of $32.85, which includes all remunerations of employment. This correct payment would have been $1,182.6. Therefore, the City has continued to miscalculate Plaintiff Western's unscheduled overtime.

17. To date, the City has been on notice of the overtime miscalculations and has refused to remedy the issue.

18. On information and belief, the failure by Defendant to properly pay compensation owed to each Plaintiff is a knowing, willful and reckless violation of 29 U.S.C. § 207 within the meaning of 29 U.S.C. § 255(a).

**DEFENDANT HAS VIOLATED 29 U.S.C. § 207 BY FAILING TO ACCURATELY CALCULATE PLAINTIFFS' REGULAR RATE FOR OVERTIME COMPENSATION**

19. Plaintiffs hereby incorporate by reference paragraphs one (1) through eighteen (18) in their entirety and restate them herein.

20. At all times material herein, the Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, as amended, 29 U.S.C. § 201, *et seq.*

21. During the times where the Plaintiffs have worked hours in excess of the hourly levels specified in the FLSA, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked in excess of 204 hours in a 27-day FLSA work period. 29 U.S.C. § 207(k); 29 C.F.R. §553.230.

22. Plaintiffs' "regular rate" of pay must include "all remuneration for employment." 29 U.S.C. § 207(e).

23. At all times material herein, the Defendant has failed and refused to provide Plaintiffs with overtime compensation at a rate of one and one-half times their regular rate of pay by failing to include all remuneration in Plaintiffs' regular rate of pay, including, but not limited to, specialty team pay, technical pay, ancillary pay, education bonus, and holiday pay.

24. Defendant's refusal to provide overtime pay at the proper rate to Plaintiffs for the hours Plaintiffs have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. §

207; 29 C.F.R. § 553.230, wrongly deprives Plaintiffs of the FLSA overtime compensation that is due to them at times material herein.

25. The Defendant's actions and omissions as alleged herein were done in a willful, unreasonable, and bad faith manner.

26. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs for which Defendant is liable pursuant to 29 U.S.C. §§ 216(b) and 255, together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

27. The employment and work records for Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of the Defendant, and the Plaintiffs are unable to state at this time the exact amounts owing to each of them. The Defendant is under duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records with respect to the Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

## **PRAYER FOR RELIEF**

WHEREFORE, each Plaintiff requests from the Court the following relief:

A. A declaratory judgment declaring that the Defendant has willfully, unreasonably, wrongfully, and without good faith, violated its statutory and legal obligations, and deprived each Plaintiff of his/her rights, protections and entitlements under federal law, as alleged herein;

B. An order for a complete and accurate accounting of all the compensation to which each Plaintiff is entitled;

C.  Judgment against the defendant awarding each Plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to his/her unpaid compensation, plus pre-judgment and post-judgment interest;

D.  An award of reasonable attorneys' fees, as well as costs and disbursement of this action; and

E.  An award granting such other further relief as the Court deems proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby respectfully request a trial by jury on all claims presented in this Complaint.

Respectfully submitted,

/s/ George Guido
Indiana Bar No.: 28251-02
Guido Law Office
809 S Calhoun Street, Suite 200
Fort Wayne, Indiana
guido@guidofamilylaw.com
*Counsel for Plaintiff*

/s/Jamie Eisner
Jamie Eisner
(*Motion for Special Admission to Follow*)
Arthur R. Traynor
(*Motion for Special Admission to Follow*)
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street NW, Suite 400
Washington, D.C. 20036
Phone: (202) 783-0010
Fax: (202) 783-6088
jeisner@mooneygreen.com
atraynor@mooneygreen.com
*Counsel for Plaintiffs*