**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

MICHAEL AKER, et al.,

Plaintiffs,

v.                                                    CASE NO. 1:24-CV-344-HAB-ALT

FORT WAYNE INDIANA CITY OF,

Defendant.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Unopposed Motion for Approval of FLSA

Settlement and Notice of Intent to Dismiss with Prejudice (ECF No. 42), for the Court's approval

of the Settlement Agreement (Settlement Agreement, ECF No. 42-1) between Plaintiffs, who are

current and former Fort Wayne firefighters, and Defendant City of Fort Wayne in this action under

the Fair Labor Standards Act (FLSA). The parties' submission includes a supporting brief as part

of their motion. (ECF No. 42). For the reasons stated in this Order, the Court approves the

settlement.

**ANALYSIS**

FLSA collective action settlement agreements require judicial approval. 29 U.S.C.

§ 216(b)–(c); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *see also*

*Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010) (noting that

"stipulated settlements in a FLSA case must be approved by the Court") (citation and quotation

omitted). Although this matter has not been certified as a collective action, "many courts have held

that, in the absence of supervision by the Department of Labor or scrutiny from a court, a

settlement of a FLSA claim is prohibited." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

When determining the fairness of the Settlement Agreement, a court considers "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Campbell v. Advantage Sales & Mktg. LLC*, No. 1:09-CV-1430, 2012 WL 1424417, at *2 (S.D. Ind. Apr. 24, 2012) (citing *Burkholder*, 750 F. Supp. 2d at 995). A reviewing court normally approves a settlement where it is based on "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* (quoting *Reyes v. Buddha–Bar NYC*, No. 08 CV 2494), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

Plaintiffs, current and former City of Fort Wayne firefighters, allege that the City violated the FLSA by failing to include certain forms of remuneration in the regular rate when calculating overtime compensation. The City denies the allegations of wrongdoing and dispute both liability and damages. The case proceeded through substantial discovery, including the exchange of payroll and compensation data and competing damages calculations. After an arms-length negotiation, the parties reached a negotiated settlement resolving all claims. As settlement of Plaintiffs' claims, the City has agreed to pay a total of $175,000, with $87,500 paid to Plaintiffs as backpay and liquidated damages and the remaining $87,500 paid to Plaintiffs' counsel as attorneys' fees and costs. The individual payments to Plaintiffs will be allocated proportionally based on the number of overtime hours each Plaintiff worked during the relevant period, based on payroll data produced by the City.

2

Examining the pertinent factors, the Court concludes that the Settlement Agreement is fair and reasonable and does not represent a mere waiver of statutory rights brought about by an employer's overreaching. Litigating this case to its conclusion on the merits would likely entail considerable time and expense. The value of an immediate recovery outweighs the mere possibility of additional relief that might be obtained after litigating the matter further at the trial court level. The parties are represented by competent and experienced counsel, who have fully examined the claims in this case.

Accordingly, the Court concludes the parties' proposed Settlement Agreement is fair and reasonable and approves the Settlement Agreement.

## CONCLUSION

For the reasons stated above, the Court approves the parties' Settlement Agreement (ECF No. 42-1). The Unopposed Motion for Approval of FLSA Settlement (ECF No. 42) is GRANTED.

**SO ORDERED** this 7th day of April 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

3